IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONEL RUIZ, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 05-157-GPM |
| | ) |
| DARLENE VELTRI, | ) |
| | ) |
|        Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1998 conviction in the United States District Court for the Eastern District of Wisconsin. In that case, Petitioner was found guilty on two counts involving the distribution of cocaine, for which he is now serving a 235-month sentence. *United States v. Ruiz*, Case No. 95-CR-204 (E.D. Wisc., filed Oct. 16, 1997). On direct appeal, the Seventh Circuit Court of Appeals summarized his arguments as claims

> that the district court abused its discretion in admitting the testimony of two witnesses under FED.R.EVID. 404(b), and that the evidence was insufficient to support the conviction. He also challenges his sentence, contending that the district court erroneously imposed a two-level increase for possession of a gun, and erred in attributing 29 kilograms of cocaine to him in determining relevant conduct.

*United States v. Ruiz*, 178 F.3d 877, 879 (7th Cir.) (footnote omitted), *cert. denied*, 528 U.S. 897 (1999). Although the Seventh Circuit agreed with his argument regarding relevant conduct, the error was found to be harmless; therefore, his conviction and sentence were affirmed. *Id.* at 882-83. He

later filed an unsuccessful motion under 28 U.S.C. § 2255, in which he argued ineffective assistance of counsel during the criminal proceeding. *Ruiz v. United States*, Case No. 99-CV-840 (E.D. Wisc., filed July 23, 1999).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate

remedy.  *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).  Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255.  The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***."  *Davenport*, 147 F.3d at 611 (emphasis added).  The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)."  *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here.  Petitioner does not suggest that the charged conduct is no longer a crime.  To the contrary, Petitioner's primary contention is that his sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).  However, the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the *Booker* decision.  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  Therefore, *Booker* and *Blakely* are inapplicable.

As for his other grounds, Petitioner argues (1) that the Eastern District of Wisconsin erred in denying his ineffective assistance of counsel claim, (2) that the evidence was insufficient to convict him, and (3) that his relevant conduct was improperly calculated.  However, the evidentiary and relevant conduct issues were resolved on direct appeal, and this Court cannot consider those

claims again. As for the denial of his Section 2255 motion, Petitioner's remedy to challenge that decision was a direct appeal to the Seventh Circuit, not to seek relief several years later in a Section 2241 petition. Accordingly, none of these three claims can provide Petitioner with relief under Section 2241.

In summary, Section 2241 cannot provide Petitioner with the desired relief on any of his four claims, and this action is summarily **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: 10/31/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
